(C. D. 467)

AOKI TAISEIDO BOOK CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 16, 1941)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph E. Weil* and *Frank E. Carstarphen*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges.

KINCHELOE, Judge: This is a suit brought by the plaintiff against the United States for the recovery of duty alleged to have been wrongfully levied by the collector of customs at the port of San Francisco on certain imported merchandise.

In protest 897270–G the merchandise in question appears by the appraiser's red-ink notation on the invoice to consist of 1,299 copies

of so-called supplements of the magazine or periodical called "Shufu No Tomo," and 791 copies of so-called supplements of the magazine or periodical called "Fujin Club," which were returned and assessed for duty at 8 cents per pound under the *eo nomine* provision of paragraph 1406 of the Tariff Act of 1930 for "fashion magazines or periodicals, printed in whole or in part by lithographic process." In protest 941511–G certain so-called supplements of the magazine "Shufu No Tomo" seem again to have been assessed for duty at 8 cents per pound under said paragraph 1406, but the so-called supplements of the magazine "Fugin Club" appear to have been assessed for duty at 30 cents per pound under the provision of the same paragraph for "all articles other than those hereinbefore specifically provided for in this paragraph, not exceeding $1\frac{2}{1000}$ of 1 inch in thickness."

Both protests make the claim that the involved merchandise is free of duty under paragraph 1726 of said act as periodicals and, by amendment, make the further alternative claim for free entry under paragraph 1630 as books or pamphlets printed wholly or chiefly in languages other than English. While protest 941511–G also makes a claim for free entry on certain merchandise assessed at 70 per centum ad valorem under paragraph 1513, counsel for the plaintiff in their brief have limited their claims herein to that for free entry under said paragraph 1630 as books or pamphlets printed wholly or chiefly in languages other than English, and have also waived the claim as to the merchandise assessed at 70 per centum ad valorem under said paragraph 1513.

In Abstract 28825 (66 Treas. Dec. 948) certain so-called supplements of the magazines invoiced as "Japanese Periodicals" and "Fugin Club" were assessed for duty at 8 cents per pound under paragraph 1406 of the Tariff Act of 1930 as fashion magazines, etc., and at 35 per centum ad valorem under paragraph 1413 as manufactures of paper not specially provided for, and were claimed free of duty under paragraph 1726 of said act as periodicals of the kind therein described, for the reason that the magazines themselves had been so passed free under said paragraph. It was held that the so-called supplements were not magazines in themselves that take up current literature or current events as the predominant feature, etc., as provided by said paragraph 1726. Furthermore, that said paragraph 1726 did not cover parts of magazines. The claims of the plaintiff were therefore overruled.

In *Aoki Taiseido Book Co.* v. *United States*, C. D. 126 (2 Cust. Ct. 218), similar claims were again made for free entry of certain so-called supplements of the magazines "Shufu No Tomo" and "Fugin Club" under said paragraph 1726 on proof that the said so-called periodicals and their alleged supplements were bought and sold together at one

price, and that a subscription to the particular periodical included the delivery of all the so-called supplements issued therewith, and that they should therefore be classified free under said paragraph 1726 as entireties. All of the printed matter contained in said magazines and so-called supplements was in the Japanese language. It was further shown that the periodical "Fugin Club" was a ladies' magazine dealing with current events, domestic science, and home economics, and that the alleged supplement thereto was a book devoted to styles for girls' and ladies' dresses, and contains patterns and descriptive matter concerning the method of making such dresses. Also that the periodical "Shufu No Tomo" dealt with current events and information for housewives, and that the alleged supplements thereto consisted of patterns with instructions for making dresses and other wearing apparel for children.

Since the periodicals themselves had been classified under the provisions of said paragraph 1726 it was presumed that they met the requirements of that paragraph, and that they were devoted to current literature, or contained current literature as the predominant feature thereof, and that therefore supplements to such periodicals must necessarily be devoted to the subject matter thereof, either as addenda or to complete some phase of it previously discussed; in other words, that the supplements must directly relate, in some respects, to the literature to which the particular periodical is devoted, or which is the predominant feature thereof. The so-called supplements were found not to be of that character, and therefore had to be considered as separate entities from the respective periodicals for dutiable purposes. As such, they could not be held classifiable under said paragraph 1726 for the reasons stated.

In the present case we again have before us so-called supplements to the said periodicals "Shufu No Tomo" and "Fugin Club," which, as already stated, are now claimed free of duty under paragraph 1630 of said act of 1930 as books or pamphlets printed wholly or chiefly in languages other than English, which is the classification accorded to the periodicals themselves in the present instance by the collector. It is conceded by counsel for the Government that the so-called supplements are wholly or chiefly in the Japanese language, and the articles themselves so show.

In *United States* v. *Silk Association of America*, 16 Ct. Cust. Appls. 566, T. D. 43296, certain catalogs or unbound publications entitled "A Study of Conditions in Millinery," and containing colored illustrations of millinery models and styles, with descriptive reading matter, sent free of charge to certain department stores, millinery manufacturers, designers, etc., for the purpose of stimulating interest in the silk trade, were held to be advertising matter, and not dutiable as fashion magazines or periodicals, printed in whole or in part by litho-

graphic process, under paragraph 1306 of the act of 1922, as classified by the collector, since it was intended for publication not more than one time. We quote from that decision as follows:

In determining the applicability of paragraph 1306, *supra*, we must first decide whether the publications at bar are or are not fashion magazines or periodicals.

Magazine is defined in Webster's New International Dictionary as follows:

Magazine. * * * 4b. A pamphlet published periodically containing miscellaneous papers, esp. critical and descriptive articles, stories, poems, etc., designed for the entertainment of the general reader.

What we commonly understand as fashion magazines contain fashion plates and pictures, but we know of nothing that is styled a magazine which is published only once and intended to be published but once.

Periodical is defined in the same authority as follows:

Periodical. A magazine or other publication which appears at stated or regular intervals; not applied to books published in parts, and but rarely to newspapers.

So far as we can gather from the record and claims made in the present instance, the issue before us now seems to be narrowed down to the question whether the so-called supplements to the magazines "Shufu No Tomo" and "Fugin Club," considered separately and independent of said magazines, can be regarded as "magazines" or "periodicals" in themselves within the meaning of those terms in said paragraph 1406 of the Tariff Act of 1930, and under the decision in *United States* v. *Silk Association of America, supra.*

In a general way the testimony and exhibits in the present case are of the same character as in the incorporated case, *supra*, and show that the magazine "Shufu No Tomo" is a ladies' magazine printed in the Japanese language, published monthly, and which, according to the table of contents, contains current events, advice or instructions on the care of babies, instructions or information for a housewise, fiction writing, novels, etc. A copy of the October, 1935, issue is in evidence as exhibit 1. From the title or inscriptions on the covers of the magazine, as well as from the table of contents, it is indicated that there are three other separate parts or supplements that go with the magazine, and are included in the price of same.

The so-called supplement as represented by exhibit 2 bears the inscription in the Japanese language "Supplement to October issue of Shufu No Tomo"; also "Collection of knitting, Volume 1," "Wearing apparel used by ladies and young pupils," and "How to knit things used by men." The second so-called supplement represented by exhibit 3 also bears the inscription in Japanese "Supplement to the October, 1935, issue of Shufu No Tomo." Also "Collection of knitting goods, volume 2," and "instructions how to knit wearing apparel used by ladies." The third part or so-called supplement marked exhibit 1–A is entitled "Seventy different fundamental instructions how to knit." This last supplement was passed free with the magazines proper, but it does not seem to contain any lithographic illus-

trations. Exhibit 5 is a so-called supplement to the September issue of "Shufu No Tomo," according to the Japanese writing thereon. It also bears the headings "Collection of knitted goods for the fall," "How to knit sweaters," and "Five different kinds of making dolls." Exhibit 4 represents the so-called supplement to the September issue of the magazine "Fugin Club," included in one of the importations under consideration. It also has a heading thereon which translated into English reads "Knitted goods for autumn."

It however appears from the testimony in this and the incorporated case that, while the magazines or periodicals "Shufu No Tomo" and "Fugin Club" are published monthly, the so-called supplements are not issued regularly on the same subject matter, but that the subject matter thereof varies from month to month, and may be on sewing, cooking, how to take care of babies, things that a housewife should know, etc., and that the number of the supplements also varies from month to month, and that some months there may be no supplement at all.

A perusal of exhibit 2 shows it to consist of 76 pages, 20 of which have lithographic illustrations of sweaters worn by ladies and men. Exhibit 3 consists of 84 pages, the first 20 of which bear lithographic illustrations of sweaters worn by children. Exhibit 4 consists of 60 pages, the first 20 of which show lithographic illustrations of scarfs and sweaters worn by ladies and young children. Exhibit 5 consists of 44 pages, 2 of which have lithographic illustrations of dressed dolls, and 4 other pages have pictures of small children wearing sweaters. All of said exhibits seem to be essentially books of instructions on how to knit, and in the case of said exhibit 5 also on how to make dolls, etc. It hardly seems likely that such books are intended for regular or monthly publication, although the particular supplements in question may bear names and dates to identify themselves with the magazines of which they are parts.

On the record presented we think it sufficiently shows that the so-called supplements, taken as separate dutiable entities, cannot be said to be magazines published at regular or stated intervals, under the decision in *United States* v. *Silk Association of America, supra,* and therefore do not come within the purview of said paragraph 1406 of the Tariff Act of 1930, as fashion magazines or periodicals. However, being wholly or chiefly printed in Japanese, they would seem to be more properly classifiable under said paragraph 1630 of said act, as books or pamphlets printed wholly or chiefly in languages other than English, free of duty, as claimed by plaintiff, and we so hold. We think that under that claim the magazines, together with the said supplements, could properly have been regarded as entireties.

There is nothing in the record to show why the supplements to the "Fugin Club" covered by protest 941511–G were assessed at 30 cents

per pound under the provision of said paragraph 1406 as "all articles other than those hereinbefore specifically provided for in this paragraph, not exceeding $1\frac{5}{1000}$ of one inch in thickness," while the supplements of the same magazine covered by protest 987270–G were assessed for duty as "fashion magazines or periodicals, printed in whole or in part by lithographic process" at 8 cents a pound under the same paragraph. Presumably the former were not considered by the collector to be in the nature of fashion magazines. As lithographic prints or articles, however, they seem to be expressly excluded from the operation of said paragraph 1406 as lithographic illustrations when forming part of bound or unbound books.

Judgment will be rendered accordingly.